BAUGHMAN ET AL., APPELLEES, *v.* SEMAAN, APPELLANT.

(No. 1435 — Decided January 22, 1986.)

*Thomas J. Filous,* for appellees.
*S. I. Khayat,* for appellant.

GEORGE, P.J. Defendant-appellant, George Semaan, appeals the order of the Wadsworth Municipal Court granting a writ of restitution to the plaintiffs-appellees, Dennis and Diana Baughman. Semaan occupies a storefront and residential building located in Homerville, Ohio. The record indicates that he operated a convenience business on the property for Raphael and Amy Raphael. The Raphaels had leased the premises from its former owner in 1981 for a term of ten years. This lease is evidenced by a written agreement. Early in 1984, the former owners of the property defaulted on their mortgage agreement. The mortgagee foreclosed on the property and thereafter purchased it at a sheriff's sale. The mortgagee continued to receive monthly rent payments on the property before and after the foreclosure and sheriff's sale. The rent was in the form of checks drawn on the account of Raphael B. Raphael. On August 16, 1984, the mortgagee sold the property to the Baughmans.

After the sale of the property to the Baughmans, a representative of the mortgagee introduced them to Semaan. Semaan made monthly rent payments to the Baughmans until he received a notice of the termination of the tenancy on January 6, 1985. On March 7, 1985, Semaan was served with a statutory three-day notice of eviction. He refused to vacate the premises, and the Baughmans filed a complaint for forcible entry and detainer against him on April 1, 1985. The action was tried to the court which awarded possession of the premises to the Baughmans. This court affirms.

Semaan assigns four errors, but argues all of them collectively. They therefore will be addressed together.

### Assigments of Error

"1. The trial court erred in its determination that the defendant is among the class of persons enumerated in R.C. 1923.02 and this is against the manifest weight of the evidence.

"2. The trial court erred by granting the writ of restitution without determining the owner of the business at the premises.

"3. The trial court erred in failing

to address defendant's contention that there were other individuals who needed to be made parties to the litigation.

"4. The trial court erred in not joining additional parties in accordance with Rule 12(B)(7) of the Ohio Rules of Civil Procedure."

Semaan contends that he was neither the lessee of the premises in question, nor the owner of the business which operated from the premises, and therefore not a "tenant" for which an action for forcible entry and detainer would lie under R.C. Chapter 1923. Semaan further maintains that a determination that he was the owner of the business was a condition precedent to the trial court's proceeding with an action in forcible entry and detainer against him. This court finds that Semaan was a "tenant" under R.C. Chapter 1923 and therefore rejects his contention.

The term "tenant" is defined in both R.C. 1923.01 and R.C. 5321.01. The definitions are substantially identical.

" 'Tenant' means a person entitled under a rental agreement to the use or occupancy of premises to the exclusion of others." R.C. 1923.01(B)(1).

Neither party disputes the type of tenancy which existed between the Baughmans and the Raphaels, or them and Semaan. Both parties to this appeal agree that the foreclosure extinguished any prior leases and that a month-to-month tenancy was then created. The Baughmans accepted the rent payments from Semaan and no one else. Semaan remained and continues to remain in sole possession of the premises to the exclusion of anyone else. It is said that:

"Although the words 'lessee' and 'tenant' are generally used interchangeably, a lessee is not necessarily a tenant. A party to whom a lease is made is a lessee, but he does not become a tenant until he enters. The term 'tenant' is, however, sometimes used in a broader sense so as to include 'one who holds or possesses lands or tenements by any kind of title, either in fee, for life, years, or at will.' " (Footnotes omitted.) 33 Ohio Jurisprudence 2d (Rev. 1976) 527, Landlord and Tenant, Section 2.

Neither the Landlord and Tenant Act of 1974, nor R.C. Chapter 1923, defines the term "owner." Additionally there is no distinction made between the owner of a lease or business under a lease, and a tenant. R.C. 1923.02, entitled "persons subject to forcible entry and detainer action," speaks of tenants as those who are "in possession." The forcible entry and detainer action relates to the right of present possession. *Rubino* v. *Showalter* (1985), 24 Ohio App. 3d 232, 233, citing with approval *Haas* v. *Gerski* (1963), 175 Ohio St. 327, 330 [25 O.O.2d 212].

Semaan next contends that the trial court erred in not ruling on his defense of failure to join an indispensable party under Civ. R. 19. The trial court did not err in this decision. As already mentioned the forcible entry and detainer action relates to the right of present possession. *Rubino, supra.* The trial court did not have to make a determination as to whether Semaan was a subtenant or an assignee under the Raphaels' month-to-month tenancy because they were not in possession. The Raphaels' joinder was not necessary to determine whether the Baughmans were entitled to a writ of restitution against Semaan. What rights the Raphaels have or do not have in the premises were, and are now, irrelevant to this forcible entry and detainer action. Semaan was the "tenant" in possession and the three-step statutory procedure for procuring a writ of restitution was followed. Accordingly, all the assignments or error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.