JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant James A. Vargo, an attorney, appeals from the order of the Cleveland Municipal Court that granted judgment to plaintiff-appellee Salim H. Ali on his complaint for money due on a promissory note.
 {¶ 2} In his five assignments of error, Vargo asserts that the municipal court lacked jurisdiction to consider Ali's complaint, that Ali's claim was barred by the doctrines of res judicata and collateral estoppel, that the order against him is reversible because a necessary party was not joined in the action, that the magistrate abused her discretion in the admission of evidence, and that the judgment in Salim's favor is unsupported by the weight of the evidence.
 {¶ 3} Upon a review of the limited record on appeal, this court agrees with none of Vargo's assertions. His assignments of error, therefore, are overruled.
 {¶ 4} The record reflects Ali instituted this action in December 2003 seeking payment on a promissory note. Ali claimed Vargo had executed the note in August 2000 in exchange for a loan in the amount of $2000, and that Vargo had failed to make any payments on the debt.
 {¶ 5} Vargo's answer stated a general denial of the claim, and raised affirmative defenses as follows: 1) failure to state a claim; 2) full satisfaction of the loan as of October 19, 2001; and, 3) frivolous action.
 {¶ 6} The case was assigned to a magistrate for a hearing. The record reflects the hearing took place on February 19, 2004. On May 27, 2004 the magistrate filed a report in which she recommended judgment in favor of Ali on his complaint. The magistrate set forth the relevant testimony and evidence presented at the hearing in her "Findings of Fact."
 {¶ 7} In pertinent part, as to Ali's claim, the findings state that: Vargo had done some legal work for Ali's wife Melinda prior to her marriage to Ali; after the marriage, Ali was making payments to Vargo on Melinda's debt; on August 10, 2000 Ali obtained a cash advance on a credit card and used the money to loan Vargo $2000 so Vargo "could pay his taxes;" Vargo executed a promissory note evidencing the debt owed; and the promissory note was made payable to both Ali and Melinda.
 {¶ 8} As to Vargo's defense, the magistrate's findings state that Vargo made two assertions. First, he asserted he "orally agreed" with Ali and his wife to apply his obligation on the note to Melinda's remaining debt and thereby extinguished his obligation. Second, he asserted the note had been included in the divorce settlement that Ali and Melinda entered into upon their divorce. However, the foregoing assertions were unsubstantiated since Vargo produced no competent evidence to prove them.
 {¶ 9} In the "Conclusions of Law," the magistrate's report states that Ali proved his claim: he introduced the original instrument, Vargo admitted he signed it, the note proved Ali was entitled to enforce it, and Ali testified the debt was due and unpaid. On the other hand, Vargo failed to establish by a preponderance of the evidence that he had any affirmative defenses to the claim. The magistrate further concluded that Vargo had waived the defense of failure to join a necessary party.
 {¶ 10} Vargo subsequently filed objections to the magistrate's decision; he asserted the magistrate failed to give proper consideration to several arguments he raised at the hearing, including issues of whether the municipal court had subject matter jurisdiction over the complaint, whether Ali's claim was barred by the doctrines of res judicata and collateral estoppel, and whether the complaint was flawed for Ali's failure to join a necessary party. In addition, Vargo asserted the report was erroneous in both its evaluation of the evidence and its discussion of the applicable law.
 {¶ 11} On August 26, 2004 the municipal judge overruled Vargo's objections and entered judgment for Ali.
 {¶ 12} Vargo thereafter filed a notice of appeal of the judgment pursuant to App.R. 9(C). This court later permitted Vargo to amend his notice of appeal to an appeal brought pursuant to App.R. 9(A).
 {¶ 13} Vargo presents the following five assignments of error:
 {¶ 14} "I. The lower court erred in hearing the case because it lacked subject matter jurisdiction.
 {¶ 15} "II. The lower court erred in rendering judgment because the claim was barred by res judicata and collateral estoppel.
 {¶ 16} "III. The lower court erred in failing to require appellee to join necessary and indispensable parties.
 {¶ 17} "IV. The lower court erred in accepting irrelevant documents from appellee while refusing to allow appellant to submit documents into evidence.
 {¶ 18} "V. The lower court erred in granting judgment to appellee against the manifest weight of the evidence."
 {¶ 19} Vargo challenges the municipal court's decision by arguing in his first and second assignments of error that the debt evidenced by the note had been included in the Alis' divorce settlement, and by arguing in his fourth and fifth assignments of error that the magistrate acted improperly in both admitting evidence and considering the evidence.
 {¶ 20} His challenge is answered by a lengthy quote from this court's opinion in Corsaro, Giganti Assoc. v. Stanley (Sept. 21, 2000), Cuyahoga App. No. 77201 as follows:
 {¶ 21} "In the present case, the record certified to this court is an App.R. 9(A) record and contains the original papers and a certified copy of the journal entries. The court of appeals is bound by the record before it and may not consider facts extraneous thereto. Paulin v.Midland Mutual Life (1974), 37 Ohio St.2d 109. Absent a transcript of the proceedings or its alternatives, a court will presume regularity and the validity of judgment of the trial court. Ostrander v. Parker-FallisInsulation (1972), 29 Ohio St.2d 72, 74; In re Sublett (1959),169 Ohio St. 19, 20; State v. Wolf (Oct. 23, 1986), Cuyahoga App. No. 51124, unreported. Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. State v. Wolf, [supra];Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenburg (1993),90 Ohio App.3d 436.
 {¶ 22} "It is well-established that the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. A review of the amended praecipe filed with the clerk reveals appellant only requested the original papers and exhibits filed in the trial court and a certified copy of the docket and journal entries pursuant to App.R. 9(A). The record demonstrates that appellant has not provided this court a transcript of the trial below nor has appellant provided this court with a statement as permitted by App.R. 9(C). Where no transcript of proceedings of the trial is included in the record on appeal and no substitute statement of the evidence is provided and no statement has been filed to indicate that transcript is not needed in order to consider the appeal, the appellant cannot demonstrate the error of which he complains, and the appellate court must affirm. Farmers Production credit Assn. v. Stoll (1987),37 Ohio App.3d 76. A presumption of validity attends the trial court's action. Thus, in the absence of an adequate record, which is the appellant's responsibility, the court of appeals is unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313. Because appellant failed to request a transcript, we have no alternative but to presume the regularity and validity of the proceedings. Knapp,supra; Wiltsie v. Teamor (1993), 89 Ohio App.3d 380; Sasarak v.Sasarak (1990), 66 Ohio App.3d 744. See Shaker v. Allen (May 16, 1996), Cuyahoga App. No. 69112, unreported.
 {¶ 23} "There is nothing in the record before us to support the appellant's claims in the assignments of error and we must presume regularity in the trial court's proceedings and the judgment entered by the court. * * *"
 {¶ 24} Slip opinion, pages 4-6. See also, Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047.
 {¶ 25} Based upon the foregoing analysis, Vargo's first, second, fourth and fifth assignments of error are overruled.
 {¶ 26} Vargo asserts in his third assignment of error that Melinda Ali was a necessary party to the action pursuant to Civ.R. 19(A), since she was one of the payees. On this basis, he contends the magistrate acted improperly in permitting trial to proceed. His assertion, similarly to his previous ones, already has been addressed by this court in Mihalicv. Figuero (May 26, 1988), Cuyahoga App. No. 53921.
 {¶ 27} Although "Civ.R. 12(H) [provides] a party may raise the defense of failure to join an indispensable party by late pleading, motion for judgment on the pleadings, or at trial;" nevertheless, a party must "affirmatively present said defense" in a manner calculated to aid the proceedings rather than to circumvent them.
 {¶ 28} In this case, citing Dublin Transportation, Inc. v. Goebel
(1999), 133 Ohio App.3d 272, the magistrate decided Vargo would not be permitted to raise at trial the issue of failure to join a necessary party because he lacked justification for his failure to raise it earlier. Id. at 279. Surely, as an attorney, Vargo could have asserted this defense in his answer to the complaint or by motion prior to trial. Under such circumstances, and particularly in the absence of a transcript of trial, this court cannot now find fault with magistrate's decision. Mihalic v.Figuero, supra. See also, Schlup v. Intermark Internatl. (Apr. 12, 1989), Summit App. No. 13900.
 {¶ 29} Accordingly, Vargo's third assignment of error also is overruled.
The municipal court's order is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Cooney, J. concur.