DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Starship Enterprises, Inc. dba Baba O'Rileys, appeals from the judgment of the Cuyahoga Falls Municipal Court that denied its Civ.R. 60(B) motion for relief from judgment. We affirm.
 I. {¶ 2} On August 9, 2004, Appellees, Daniel A. and Judith L. Obermeyer, as owners of rental property located at 2624 State Road in Cuyahoga Falls, Ohio, in Summit County, filed a complaint for forcible entry, detainer, and money damages against Appellant and the tenant-occupants of the rental property. Appellees asserted that they served Appellant with written notice to leave the premises.
 {¶ 3} Appellant claimed a valid four-year lease, but Appellees asserted that the lease was not valid and that a month-to-month tenancy terminable with 30-days notice existed. The magistrate held a hearing on August 31, 2004, a transcript of which was not made part of the record on appeal.
 {¶ 4} On September 7, 2004, the magistrate issued a decision, finding that Appellees had a possessory interest in the premises as owners; Appellees served Appellant with a notice of termination; the lease was not valid because it did not comply with the statute of frauds, the lease constituted a month-to-month tenancy, and was properly terminated by Appellees as the landlord. The municipal court approved the decision of the magistrate the same day, and allowed a writ of restitution to issue.[1]
 {¶ 5} On September 20, 2004, Appellant also filed objections to the magistrate's decision. An execution on a writ of restitution was issued to remove Appellant from the premises.
 {¶ 6} On July 25, 2005, Appellant filed a motion requesting a ruling and decision on the objections to the magistrate's decision. On August 4, 2005, the court ruled on Appellant's motion requesting decision and ruling. The court found the objections to be without merit and adopted the magistrate's decision.
 {¶ 7} On June 9, 2005, Appellant filed an amended motion for reconsideration and a Civ.R. 60(B) motion. Appellant did not indicate which Civ.R. 60(B) ground(s) applied to grant him relief from judgment. Instead, Appellant advanced several arguments in support of its proposition that the written agreement was valid and that the lease should be enforced.
 {¶ 8} In an order dated October 3, 2005, the court denied Appellant's motion. Appellant filed a notice of appeal from this order on November 1, 2005.
 {¶ 9} Appellant timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT WAS WITHOUT JURISDICTION TO GRANT APPELLEE'S [sic] RELIEF PURSUANT TO THEIR FORCIBLE ENTRY AND DETAINER ACTION, AND SUCH JUDGMENT IS VOID AB INITIO."
 {¶ 10} In its sole assignment of error, Appellant contends that the municipal court erred in granting to Appellees the relief they sought in their forcible entry and detainer action. Appellant argues that the court was without jurisdiction to enter an order regarding the rights of the lessee and occupants because the actual lessee was never made a party to the action.
 {¶ 11} Appellant raises this jurisdiction argument for the first time. A challenge to subject matter jurisdiction is not subject to the waiver doctrine and may be raised for the first time on appeal. See, e.g., State v. Wilson, 73 Ohio St.3d 40,46, 1995-Ohio-217. We review a court's exercise of its subject matter jurisdiction de novo. Davis v. Jackson,159 Ohio App.3d 346, 20043-Ohio-6735, at ¶ 12.
 {¶ 12} As this Court has recognized, R.C. Chapter 1923 confers subject matter jurisdiction on a municipal court over forcible entry and detainer actions. See Sternberg v.Washington (1960), 113 Ohio App. 216, 219, citing State ex rel.Everson et al. v. Mun. Court of Barberton (1954),98 Ohio App. 177, paragraph one of the syllabus. Specifically, R.C. 1923.01(A) states:
"(A) As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements."
In this case, Appellant challenges the court's subject matter jurisdiction based on the failure to join a certain party to the action, namely, John Yocono, the individual who signed the lease agreement. Appellant argues that, since Yocono signed the agreement in his individual capacity, he is the only proper party upon whom a writ of restitution can issue in this case. For this reason, Appellant advances the argument that the court lacked subject matter jurisdiction to exercise its authority to grant Appellees the relief they sought.
 {¶ 13} Appellant does not cite any legal authority to support this specific argument, and our own research does not reveal any support for the proposition that failure to join a "proper" party in a forcible entry and detainer action divests the municipal court of jurisdiction. Appellant appears to advance an indispensable/necessary party argument. See Civ.R. 19. If this is so, Appellant has waived this argument by failing to raise this issue to the trial court. See Poe v. Dinard (Nov. 7, 1990), 9th Dist. Nos. 90CA004787 and 90CA0047909-0CA004792, at *3; Ali v.Vargo, 8th Dist. No. 85244, 2005-Ohio-3156, at ¶ 272-8; Civ.R. 19(A).
 {¶ 14} Moreover, this Court has also held, that "the trial court need not determine the status of a `tenant' in possession, i.e., subtenant, assignee, etc., in order to proceed with the action." Baughman v. Semaan (1986), 29 Ohio App.3d 365, syllabus. This is so because "[a] forcible entry and detainer action relates to the right of present possession." (Emphasis added.) Id. at 366. See, also, Goldstein v. Patel, 9th Dist. Nos. 02CA008183, 02CA008199, 2003-Ohio-4386, at ¶ 4 ("A forcible entry and detainer action decides the right to immediate possession of property and `nothing else.'"), citing SeventhUrban, Inc. v. Univ. Circle Property Dev., Inc. (1981),67 Ohio St.2d 19, 25, fn. 11.
 {¶ 15} In Baughman, we found that the owner of the business and the individuals that had entered into a lease agreement with the lessors did not have to be joined as indispensable parties in the action in order to properly issue a writ of restitution against the party in sole possession of the premises, the defendant-appellant. Defendant-appellant's status in relation to the owner-lessees was irrelevant; and the owner-lessees did not have to be joined in this action "because they were not in possession." Id. at 366. Based on a broader reading of the term "tenant" as employed in R.C. 1923.01, this Court concluded that defendant-appellant was the "tenant" in possession and that the writ was properly issued against defendant-appellant. Id.
 {¶ 16} We do not need to determine Yocono's exact status in this case, because as was indicated by this Court in Baughman,
the only pertinent subject in a forcible entry and detainer action is that person or entity in immediate possession of the property in question. Based on our holding in Baughman, we find that it was unnecessary to join Yocono in this action against Appellant.
 {¶ 17} Based upon the foregoing, we cannot find that failure to join Yocono in the action affected the propriety of the municipal court's exercise of subject matter jurisdiction in this case. Appellant's sole assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., concurs.
 Carr, J., concurs in judgment only, saying:
 {¶ 19} I would dismiss on the basis of mootness in that appellant has vacated the premises.
[1] On September 23, 2004, Appellant filed a notice of appeal to this Court from the September 7, 2004 decision. We dismissed the appeal for lack of a final, appealable order. Obermeyer v.Starship Enterprises, Inc. (July 11, 2005), 9th Dist. No. 22341, journal entry.