[Cite as *Turner v. Ormandy*, 2022-Ohio-1437.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| CYNTHIA I. TURNER | C.A. No. 21CA0044-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN ORMANDY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CIV0171 |

DECISION AND JOURNAL ENTRY

Dated: May 2, 2022

CALLAHAN, Judge.

{¶1} Appellant, John Ormandy dba Ormandy Train & Toys and The Medina Toy and Train Museum, appeals an order of the Medina County Court of Common Pleas that granted a writ of possession in forcible entry and detainer. This Court affirms.

I.

{¶2} Appellee, Cynthia Turner, is the owner of a commercial property on Public Square in the City of Medina. She filed a complaint for forcible entry and detainer against Mr. Ormandy in the Medina Municipal Court, alleging that he possessed the premises "pursuant to an oral, month-to-month lease agreement" in existence since November 1991. Ms. Turner alleged that since 2003, their agreement required Mr. Ormandy to pay rent in the amount of $1,270 per month. She also alleged that Mr. Ormandy did not agree to a rent increase following a discussion of market rates in the fall of 2020 and that, on November 24, 2020, she served him a Notice of Termination of Month-To-Month Tenancy and Notice to Leave that required him to vacate the premises by

December 31, 2020. According to her complaint, Mr. Ormandy failed to vacate, and Ms. Turner served a Notice to Leave Premises on January 13, 2021. Ms. Turner also asserted claims for unjust enrichment and damages to the subject property.

{¶3} In his answer, Mr. Ormandy acknowledged the existence of the lease but maintained that he entered into it "as an officer of the tenant, Elyria Arts Inc." Consequently, he maintained that Ms. Turner failed to name all adverse parties as required by R.C. 1923.04 in the relevant notices and that her complaint failed to join necessary and indispensable parties. He asserted counterclaims for breach of contract and unjust enrichment, and he moved to transfer venue to the Medina County Court of Common Pleas. The municipal court transferred venue, and a magistrate granted judgment in favor of Ms. Turner on the forcible entry and detainer and ordered a writ of possession to issue.

{¶4} Mr. Ormandy filed objections to the magistrate's decision, reiterating his arguments that Ms. Turner failed to name all of the adverse parties as required by R.C. 1923.04 in the relevant notices and that her complaint failed to join necessary and indispensable parties. He also argued that Ms. Turner did not satisfy the burden of demonstrating that she was entitled to possession and that the magistrate erred by admitting irrelevant testimony. The trial court overruled Mr. Ormandy's objections, concluding that the landlord-tenant relationship at issue existed between Ms. Turner and Mr. Ormandy, that there was insufficient evidence to demonstrate that the legal entities identified by Mr. Ormandy were tenants of the subject property, and that the evidence questioned by Mr. Ormandy was relevant to the context of the proceeding. The trial court therefore granted judgment in favor of Ms. Turner on the forcible entry and detainer and ordered a writ of

possession to issue.[1] Mr. Ormandy appealed, and this Court granted a stay of execution pending the determination of the appeal.

II.

**ASSIGNMENT OF ERROR**

THE JUDGMENT OF THE TRIAL COURT RENDERED ON JULY 8, 2021 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶5}** Mr. Ormandy's sole assignment of error asserts that the trial court's judgment ordering the writ of possession to issue is against the manifest weight of the evidence. Specifically, Mr. Ormandy argues that the trial court's conclusion that Elyria Arts, Inc. and The Medina Toy and Train Museum were not tenants of the property is against the manifest weight of the evidence. He also argues that the trial court erred by overruling three of his objections to the magistrate's decision: that the magistrate incorrectly admitted irrelevant evidence regarding his relationship with Ms. Turner, that the magistrate erred by failing to join all of the parties necessary for just adjudication pursuant to Civ.R. 19(A)(2)(a), and that the magistrate incorrectly concluded that Ms. Turner complied with the notice requirements of R.C. 1923.04(A).

**{¶6}** Mr. Ormandy has not separately argued these three errors as required by App.R. 16(A)(7) and Loc.R. 7(B)(7),[2] so this Court may disregard them. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). Nonetheless, this Court has the discretion to consider the merits of all of Mr. Ormandy's arguments, and we do so despite

---

[1] Ms. Turner's remaining claims and Mr. Ormandy's counterclaims remain pending. *See Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 482 (9th Dist.1994), citing *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 132 (1981).

[2] This requirement is now set forth in Loc.R. 16.

the fact that they are improperly framed. *See State v. Seibert*, 9th Dist. Wayne Nos. 20AP0013, 20AP0014, 2021-Ohio-3069, ¶ 13.

{¶7} In general, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Scherer v. Lowry*, 9th Dist. Summit No. 29872, 2021-Ohio-3728, ¶ 8, citing *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25. In applying this standard of review, however this Court must "consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. *Compare In re T.A.*, 9th Dist. Medina No. 19CA0025-M, 2020-Ohio-3613, ¶ 6-7.

{¶8} When a party challenges a trial court's decision in a civil case on the ground that it is against the manifest weight of the evidence, this Court

> "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."

(Internal citations omitted and alterations in original.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the judgment. *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986), citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶9} An action for forcible entry and detainer "relates to the right of present possession." *Baughman v. Semaan*, 29 Ohio App.3d 365, 366 (9th Dist.1986), citing *Rubino v. Showalter*, 24

Ohio App.3d 232, 233 (9th Dist.1985).  A "tenant," for purposes of forcible entry and detainer, is "a person who is entitled under a rental agreement to the use or occupancy of premises * * * to the exclusion of others[.]"  R.C. 1923.01(C)(1).  A "rental agreement" is "any agreement or lease, written or oral, that establishes or modifies the terms, conditions, rules, or other provisions concerning the use or occupancy of premises by one of the parties to the agreement or lease * * * ."  R.C. 1923.01(C)(5).

{¶10}  Ms. Turner's daughter, Cynthia Lynn Craig, testified that she holds a power of attorney for her mother, who was ninety-two years of age on the date of the hearing.  Ms. Craig described her mother's health as "fragile" and noted that she had not been able to handle her financial affairs independently in recent years.  Consequently, Ms. Craig, with the assistance of a sibling, had assumed responsibility for Ms. Turner's affairs over the previous two years.  Ms. Craig testified that Ms. Turner had moved from the Cleveland area to Tennessee approximately ten years previously and that no family members lived locally.

{¶11}  Ms. Craig described the history of the rental property, and it was in this context that she testified regarding the nature of the relationship between Ms. Turner and Mr. Ormandy.  As noted above, one of Mr. Ormandy's objections to the magistrate's decision related to the admission of this testimony.  Mr. Ormandy raised a single objection at trial to counsel's inquiry regarding representations that Mr. Ormandy had made in the media.  He did not object to Ms. Craig's detailed testimony regarding his relationship with her mother.  "When a party fails to contemporaneously object to the testimony and identification of an introduced exhibit, and only later objects, after the close of evidence when the exhibit is being admitted into evidence, he forfeits the matter for review on appeal."  *Falah v. Falah*, 9th Dist. Medina No. 20CA0039-M, 2021-Ohio-4348, ¶ 12.  This Court has applied this principle to proceedings referred to magistrates as well, concluding that

because the contemporaneous-objection rule is fundamental, a written objection to a magistrate's decision is not a substitute for the obligation to object to error when it occurs. *Id.*, quoting *In re M.B.*, 9th Dist. Lorain Nos. 11CA010060, 11CA010062, 2012-Ohio-5428, ¶ 11, quoting *Condon v. Rockich*, 9th Dist. Summit No. 28479, 2018-Ohio-71, ¶ 17. An appellant who has forfeited error in this manner is limited to arguing plain error on appeal. *Falah* at ¶ 12, citing Evid.R. 103(D).

{¶12} "In civil cases * * * the application of the plain error doctrine is reserved for the rarest of circumstances." *Katie L. v. Dennis M.*, 9th Dist. Medina No. 15CA0010-M, 2016-Ohio-338, ¶ 5, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. In other words:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss* at syllabus. Mr. Ormandy has not presented this Court with any argument explaining how alleged error in the admission of Ms. Craig's testimony undermined the legitimacy of the judicial process. *See id.* This Court will not analyze plain error when the appellant fails to do so. *Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8. Nonetheless, this Court agrees with the trial court that Ms. Craig's testimony in this regard had the "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence[]" by explaining the context in which the oral rental agreement was formed. *See* Evid.R. 401.

{¶13} Ms. Craig testified that Ms. Turner and Mr. Ormandy were in an "ongoing romantic relationship" that spanned several decades. She recalled that in 1991, when Ms. Turner inherited a sum of money, Mr. Ormandy encouraged her to purchase the subject property as an investment with the understanding "that he would be one of the primary tenants along with a couple of other

tenants that were already in place at the time." Ms. Craig testified that there was never a written lease agreement between Ms. Turner and Mr. Ormandy, that the two of them remained in daily contact over the years, and that at one point in time, Ms. Turner took steps in anticipation of marriage to Mr. Ormandy.

{¶14} Ms. Craig explained that over time, she realized that Mr. Ormandy may have misrepresented the value of the subject property and the marketability of nearby property. After traveling to Ohio, she recalled, Ms. Craig observed that the area was thriving and contacted an appraiser and a property management consultant to evaluate the building and the terms of the lease. She testified that she entered into negotiations regarding the lease payments with Mr. Ormandy, but he rejected the terms and refused to sign a written lease. Ms. Craig initiated the eviction proceedings on her mother's behalf. She testified that when she observed the property, she noted nothing that would indicate that either Elyria Arts, Inc. or The Medina Toy and Train Museum were occupants. Ms. Craig also explained that Mr. Ormandy's practice was to pay the rent by a direct deposit to a local bank account held by Ms. Turner and that she did not see a check written on an account held by Elyria Arts, Inc. until Mr. Ormandy attempted to make a payment after she had initiated eviction proceedings.

{¶15} Mr. Ormandy testified regarding occupancy of the building. He agreed that he has occupied the premises since 1991, and he acknowledged that there had never been a written lease. According to Mr. Ormandy's testimony, his own business operates out of the property but, for tax purposes, he sold the assets of that business to Elyria Arts, Inc. He explained that Elyria Arts, Inc. is located in Wellington, Ohio, but that he "moved the corporation[]" as part of that transaction. Mr. Ormandy testified that he made the rent payments over the years, and he acknowledged that there is no observable indication that either Elyria Arts, Inc. or The Medina Toy and Train Museum

occupies the premises. To the contrary, he testified that the awning of the building reads, "Ormandy's Trains & Toys[.]" Consistent with Mr. Ormandy's occupancy of the building, the process server employed to serve notice under R.C. 1923.04 testified that she delivered the notice of lease termination to Mr. Ormandy, whom she identified by name when she entered the premises. Mr. William Nehls, a volunteer and board member of The Medina Toy and Train Museum, testified that he had little information regarding the lease, but his understanding was that Mr. Ormandy rented the premises.

{¶16} The trial court concluded that Mr. Ormandy—rather than Elyria Arts, Inc. and The Medina Toy and Train Museum—was the tenant of the property. This is not the exceptional case in which the evidence weighs heavily against the trial court's judgment. *See Otten*, 33 Ohio App.3d at 340, citing *Martin*, 20 Ohio App.3d at 175. Consequently, this Court cannot conclude that the trial court's determination that Mr. Ormandy was the tenant for purposes of R.C. 1923.04 is against the manifest weight of the evidence.

{¶17} Mr. Ormandy has also argued that the trial court incorrectly determined that Ms. Turner satisfied the notice requirements of R.C. 1923.04(A), which requires the plaintiff in an action for forcible entry and detainer to "notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action * * *." Mr. Ormandy's argument in this regard is based on his argument that Elyria Arts, Inc. and The Medina Toy and Train Museum "were the actual ten[ants]/subtenants of the property." Having rejected this position in our discussion of Mr. Ormandy's manifest weight argument, his notice argument fails as well.

{¶18} Mr. Ormandy's final argument is that the trial court erred by failing to join all of the parties necessary for just adjudication pursuant to Civ.R. 19(A)(2)(a), which provides that "[a]

person who is subject to service of process shall be joined as a party in the action if * * * he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * as a practical matter impair or impede his ability to protect that interest[.]" As with his notice argument, this assertion is premised on the conclusion that Elyria Arts, Inc. and The Medina Toy and Train Museum "were the actual ten[ants]/subtenants of the property." Having rejected this position in our discussion of Mr. Ormandy's manifest weight argument, his argument under Civ.R. 19(A)(2)(a) fails as well.

{¶19} The trial court did not abuse its discretion by overruling Mr. Ormandy's objections and entering judgment in favor of Ms. Turner on her claim for forcible entry and detainer. Mr. Ormandy's assignment of error is overruled.

## III.

{¶20} Mr. Ormandy's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN C. OBERHOLTZER, Attorney at Law, for Appellant.

MICHAEL L. LARIBEE, Attorney at Law, for Appellee.