DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeffrey Homler, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, which ordered appellant to pay child support to Bronwyn Homler for the benefit of their child and refused to issue any orders regarding visitation. This Court affirms in part and reverses in part.
 I. {¶ 2} Appellant and Bronwyn Homler were married in 1996. Bronwyn is an Australian national. She returned to Australia during the course of the parties' marriage. A child was born to Bronwyn on August 20, 1998. Appellant and Bronwyn divorced on December 22, 1999.[1] Accordingly, the child was both conceived and born during the course of the parties' marriage. Pursuant to R.C. 3111.03, appellant was, therefore, presumed to be the father of the child.
 {¶ 3} On September 3, 2003, appellee, Lorain County Child Support Enforcement Agency ("CSEA"), filed a complaint on behalf of Bronwyn Homler and her child to establish parentage of the child and to obtain an order for child support. CSEA named both Bronwyn and the child as additional plaintiffs in the action. CSEA named only appellant as a defendant. CSEA alleged that such complaint was alternatively filed:
"by virtue of the plaintiff mother's assignment of right of support pursuant to O.R.C. 5107.20 and/or by virtue of the plaintiff mother's application for Lorain County Child Support Enforcement Agency services, and/or pursuant to O.R.C. § 3111.04(A)[.]"
 {¶ 4} Appellant filed a motion to dismiss CSEA's complaint, based in part on allegations that CSEA lacked standing to initiate the complaint. CSEA replied that it not only had standing but an affirmative duty pursuant to Chapter 3115 of the Revised Code, specifically the Uniform Interstate Family Support Act ("UIFSA"), to provide services upon Bronwyn's request in an UIFSA action. CSEA did not reference UIFSA in its complaint to establish parentage. Appellant ultimately withdrew his motion to dismiss.
 {¶ 5} On May 19, 2004, the magistrate issued an order, which was approved by both appellant and his attorney. The order stated:
"In the event that Defendant is determined to be the father of [the child] (dob 8/20/98) as a result of Genetic testing, a support order shall be established, and child support shall commence January 1, 2004. Child Support for the period 8/20/1998 through December 31, 2003 is waived; any arrears claimed to be owed are set at zero."[2]
 {¶ 6} The matter eventually proceeded to hearing before the magistrate on the issues raised in the complaint. Although appellant failed to file a motion for visitation at any time, appellant orally raised the issue, specifically within the context of a consideration of costs associated with visitation as an offset to any obligation to pay child support. Appellant failed to address the issue of visitation in his answer, as well.
 {¶ 7} Prior to the hearing, appellant had filed a motion in limine, requesting that the trial court exclude CSEA's evidence regarding Bronwyn's wages and receipt of public assistance, because the statements in those documents were not given under oath. Appellant argued that, because CSEA's evidence was not admissible, the agency could not meet its burden of proof to establish Bronwyn's income. Accordingly, appellant argued that the trial court did not have an adequate basis upon which to establish a child support order, so that CSEA's complaint must be dismissed. CSEA did not file a memorandum in opposition to appellant's motion, but the magistrate allowed the parties to argue their respective positions immediately before hearing on the complaint. The magistrate ruled that CSEA's evidence was admissible.
 {¶ 8} Prior to the admission of any evidence at hearing, both appellant's counsel and CSEA agreed that the matter was one which fell under UIFSA, because Bronwyn and the child live in Australia.
 {¶ 9} Appellant filed objections to the magistrate's decision, premising his objections on various provisions of UIFSA. On February 1, 2005, the trial court overruled appellant's objections in reliance on provisions from both R.C. Chapters 3115 and 3111. The trial court found that the magistrate did not err by admitting a letter from Bronwyn's employer, which was witnessed by an Australian Justice of the Peace. The trial court found, however, that the magistrate erred in admitting documentation regarding Bronwyn's receipt of public assistance in Australia, but that such admission constituted harmless error because the magistrate did not rely on those documents in any way in its determination of child support. In addition, the trial court found that the magistrate did not err in taking judicial notice of the exchange rate of Australian currency, because such rates were capable of being accurately obtained from the posted exchange rates. Finally, the trial court found that neither R.C. Chapter 3115 nor 3111 provided the court with jurisdiction to establish custody or visitation orders in a child support case pursuant to those sections.
 {¶ 10} Appellant appealed from the trial court's February 1, 2005 judgment entry. This Court issued a show cause order, directing appellant to explain why his appeal should not be dismissed for lack of a final, appealable order. Appellant failed to timely respond, and this Court dismissed the appeal for appellant's failure to comply with our order. Homler v. Homler,
9th Dist. No. 05CA008667. Appellant moved this Court to reconsider our grounds for dismissal of the appeal, and this Court agreed. On May 9, 2005, this Court dismissed the appeal on the basis of a lack of a final, appealable order. Id.
 {¶ 11} On June 17, 2005, the trial court issued a final, appealable order overruling appellant's objections to the magistrate's decision. The trial court ordered that appellant is declared to be the father of the child; that appellant shall pay child support in the amount of $476.13 per month, plus processing fee; and that Bronwyn shall cover the child on her health insurance policy, if available. The trial court further found that neither appellant nor Bronwyn filed any motions or requests prior to hearing for the allocation of parental rights or responsibilities or for visitation. Accordingly, the trial court declined to make any such orders, asserting that appellant had failed to invoke the jurisdiction of the court in regard to the issue of visitation.
 {¶ 12} Appellant timely appeals, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING INTO EVIDENCE DOCUMENTS WHICH DID NOT COMPLY WITH THE EVIDENTIARY AND PROCEDURAL RULES SET FORTH IN THE UNIFORM INTERSTATE FAMILY SUPPORT ACT OR THE OHIO RULES OF EVIDENCE."
 {¶ 13} Appellant argues that the trial court erred in admitting wage and income information of Bronwyn Homler by way of documentation from Bronwyn's employer. This Court agrees.
 {¶ 14} "The decision to admit or to exclude evidence is a matter left within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." Gamblev. Summit Cty. Dept. of Jobs and Family Servs., 9th Dist. No. 21450, 2004-Ohio-193, at ¶ 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff, 9th Dist. No. 20934, 2003-Ohio-1304, at ¶ 22, citing Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 355.
 {¶ 15} Both appellant and appellee cite to R.C. 3115.27, addressing evidentiary and procedural rules, as the relevant provision regarding the necessary prerequisites to the admissibility of certain evidence in an UIFSA proceeding. R.C.3115.27(B) states:
"A verified complaint, affidavit, document substantially complying with federally mandated forms, and a document incorporated by reference in any of them, not excluded under the hearsay rule if given in person, is admissible in evidence if given under oath by a party or witness residing in another state."
 {¶ 16} In support of establishing Bronwyn's income, CSEA submitted, and the trial court admitted, a letter from Mary Henzell stating that Bronwyn is employed as a receptionist/administrative assistant for Mary Henzell Real Estate in Caloundra Queensland, Australia, at a gross weekly wage of "$542.20."[3] The letter is purportedly signed by Mary Henzell and "witnessed" by Robert George Hughes. Attached to Ms. Henzell's letter is a four-page job description, purportedly signed by Henzell and Bronwyn and witnessed by Mr. Hughes. Also attached is a letter from Susan Noad of the Australian Attorney-General's Department, International Family Law Section, stating in relevant part: "As requested, please find enclosed the original letter from Ms Homler's employer dated 2 September 2004 and witnessed by a Justice of the Peace."
 {¶ 17} CSEA argues that Mr. Hughes is identified as a Justice of the Peace on Henzell's letter by the initials "JP" after his signature. CSEA further argues that an Australian Justice of the Peace has authority to witness affidavits and similar documents in Australia. The trial court found that Ms. Henzell's information regarding Bronwyn's wages "was given under oath to a Justice of the Peace and is therefore admissible."
 {¶ 18} This Court finds that there is no competent or credible evidence to support the trial court's finding that Ms. Henzell's statements in her letter regarding Bronwyn's wages were given under oath. This Court does not take issue with the authority of an Australian Justice of the Peace to administer an oath of veracity to a witness and attest that a witness' statements were made under oath. However, in this case, there is nothing to indicate that Mr. Hughes did anything more than witness Ms. Henzell's signature on her letter. The letter contains no acknowledgement by Mr. Hughes that Ms. Henzell's statements were sworn before him. Accordingly, the trial court abused its discretion by admitting Ms. Henzell's letter and the attachments thereto for the reason that there is nothing to indicate that Ms. Henzell's statements were given under oath as required by R.C. 3115.27(B). Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE TRIAL COURT DID NOT HAVE JURISDICTION OVER ISSUES CONCERNING VISITATION IN AN ACTION FOR CHILD SUPPORT ENFORCEMENT BROUGHT UNDER THE UNIFORM INTERSTATE FAMILY SUPPORT ACT[.]"
 {¶ 19} Appellant argues that the trial court abused its discretion by failing to issue an order for visitation between appellant and the child. This Court disagrees.
 {¶ 20} The parties neither dispute nor challenge the propriety of this action as one which falls within the purview of UIFSA, because Bronwyn and the child reside in Australia. R.C. Chapter 3115 makes no provision for the allocation of visitation rights. Furthermore, R.C. 3115.25 expressly provides that participation by plaintiffs, in this case Bronwyn and the child, in a proceeding pursuant to R.C. Chapter 3115 does not confer personal jurisdiction over the plaintiffs in other proceedings.
 {¶ 21} Appellant cites R.C. 3115.14, which states:
"Except as otherwise provided by sections 3115.01 to 3115.59 of the Revised Code, a responding tribunal of this state shall apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings and shall determine the duty of support and the amount of support payable in accordance with sections 3115.01 to 3115.59 and Chapters 3119., 3121., 3123., and 3125. of the Revised Code."
 {¶ 22} It is significant that the plaintiffs in this case brought this action as one to establish parentage, invoking the procedural and substantive provisions of R.C. Chapter 3111. Clearly, pursuant to R.C. 3111.04(A), both Bronwyn and the child who are named as plaintiffs had the right to bring such an action. Because the trial court was mandated to apply the procedural and substantive law in such a proceeding, this Court must look to R.C. Chapter 3111 to determine whether the trial court had the authority to address the issue of visitation upon appellant's mere raising of the issue orally at the hearing on the complaint.
 {¶ 23} R.C. 3111.13(C) states, in part:
"Except as otherwise provided in this section, the judgment or order may contain, at the request of a party and if not prohibited under federal law, any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child."
 {¶ 24} Although visitation may constitute a matter in the best interest of the child, R.C. 3111.13(C) expressly continues, in relevant part:
"After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for parenting time rights in a proceeding separate from any action to establish paternity."
 {¶ 25} In this case, appellant has not invoked the jurisdiction of the court in regard to the establishment of a visitation order, because he failed to file a petition for parenting time rights in a separate proceeding. Furthermore, plaintiffs' mere filing of the action in accordance with UIFSA did not confer personal jurisdiction over them in regard to a visitation proceeding. Accordingly, this Court finds that the trial court did not err when it declined to issue an order of visitation for the reason that it had no jurisdiction to do so. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE STATUTORY MANDATES OF THE OHIO CHILD SUPPORT STATUTES[.]"
 {¶ 26} Appellant argues that the trial court erred by failing to consider appellant's expenses associated with visitation with the child in the court's determination of the amount of child support. Appellant further argues that the trial court erred in determining the amount of child support due from appellant in the absence of information regarding Bronwyn's current and past income. Finally, appellant argues that the trial court erred in failing to designate which parent was entitled to claim the child as a dependent for federal tax purposes. This Court finds appellant's arguments well taken in part and not well taken in part.
 {¶ 27} It is well established that a trial court has broad discretion over matters involving child support, and this Court will not reverse the trial court's order absent an abuse of discretion. Vujovic v. Vujovic, 9th Dist. No. 04CA0083-M,2005-Ohio-3942, at ¶ 43. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore, 5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 28} Appellant first argues that the trial court erred by failing to consider appellant's costs associated with visitation in its determination of the amount of child support. This Court disagrees.
 {¶ 29} As this Court has already found that the trial court did not err in declining to issue an order of visitation for the reason that the court lacked jurisdiction to do so, it necessarily follows that the trial court did not err in failing to consider costs which appellant had not legally assumed to offset his support obligation. Appellant's third assignment of error is overruled in this regard.
 {¶ 30} Appellant next argues that the trial court erred in determining the amount of child support due from appellant in the absence of information regarding Bronwyn's current and past income. This Court agrees.
 {¶ 31} This Court has already found that the trial court erred in admitting the letter from Bronwyn's employer in Australia regarding Bronwyn's income. As Ms. Henzell's letter provided the sole basis for determining Bronwyn's income for computation of child support, the trial court had no evidence before it regarding Bronwyn's income for computation pursuant to the child support computation worksheet. Accordingly, the trial court had no verified income information regarding Bronwyn as required for computation of child support pursuant to R.C.3119.05. Appellant's third assignment of error is sustained in this regard.
 {¶ 32} Finally, appellant argues that the trial court erred by failing to designate in its order which parent may claim the child as a dependent for federal tax purposes. This Court agrees.
 {¶ 33} CSEA concedes that the trial court failed to comply with the requirements of R.C. 3119.82, which states, in relevant part:
"Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *."
 {¶ 34} The trial court failed to designate which parent may claim the child as a dependent for federal tax purposes in its order. Accordingly, the trial court abused its discretion in issuing a child support order without including such a designation. Appellant's third assignment of error is sustained in this regard.
 {¶ 35} Appellant's third assignment of error is overruled in regard to the argument that the trial court erred in failing to consider appellant's visitation costs in determining the amount of child support. Appellant's third assignment of error is sustained, however, in regard to the arguments that the trial court erred in failing to appropriately consider Bronwyn's income in its determination of child support and in failing to designate which parent may claim the child as a dependent for purposes of federal income tax.
 III. {¶ 36} Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. Appellant's third assignment of error is sustained in part and overruled in part. Accordingly, the judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this decision.
Judgment affirmed, in part, reversed, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Moore, J. Boyle, J. concur.
[1] There is nothing in the record to indicate that issues relating to custody, child support or visitation were addressed as part of the Homlers' divorce. In fact, a review of the on-line docket indicates that the Huron County Domestic Relations Court declined to address those issues after asserting that it had no in personam jurisdiction over Bronwyn or the child.
[2] Again, this Court notes that child support was to be ordered in the absence of any custodial order regarding the child. Because the child was born to married parents, both appellant and Bronwyn were imbued with equal rights as the child's legal custodians. See Lorence v. Goeller, 9th Dist. No. 04CA008556, 2005-Ohio-2678, at ¶ 3. There is no evidence that Bronwyn was ever named as the child's sole legal custodian or residential parent pursuant to any court order.
[3] It is not known from such statement whether this amount is in Australian dollars or has been converted to U.S. dollars.