[Cite as *Emergency Physicians Ins. Co. RRG v. Emergency Physicians Ins. Exchange*, 2018-Ohio-566.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EMERGENCY PHYSICIANS
INSURANCE COMPANY RRG, et al.

     Appellants

     v.

EMERGENCY PHYSICIANS
INSURANCE EXCHANGE, et al.

     Appellees

C.A. No.    28747


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-05-1896

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

TEODOSIO, Judge.

{¶1} Emergency Physicians Insurance Company, RRG ("Emergency Physicians"), appeals the order of garnishment of the Summit County Court of Common Pleas on a foreign judgment granted in favor of Summa Emergency Associates, Inc. ("Summa") against Emergency Physicians. We affirm.

I.

{¶2} In May 2017, Summa filed a foreign judgment in the Summit County Court of Common Pleas on a judgment obtained on March 22, 2017, in the Second Judicial District Court of the State of Nevada, County of Washoe. The Nevada judgment was a confirmation of an arbitration award originally issued in October 2013. On June 22, 2017, the trial court granted Summa's motion for a full faith and credit order, and granted judgment in favor of Summa and against Emergency Physicians as set forth by the Nevada judgment. The trial court issued an

order and notice of garnishment to U.S. Bank on June 27, 2017, and Emergency Physicians subsequently filed a motion to stay execution pending a hearing on its objection to the garnishment. On July 26, 2017, the trial court overruled Emergency Physicians' objections, denied a stay of execution, and released the funds deposited by U.S. Bank with the Clerk of Courts. Emergency Physicians now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING AUTHORITY FOR THE APPELLEE TO LEVY ON PROPERTY IN AN AMOUNT GREATER THAN WHAT APPELLEE WAS OWED.

{¶3} Emergency Physicians argues the trial court erred when it ordered the garnishee to turn over monies representing interest on the award prejudgment. We disagree.

{¶4} This Court reviews questions of law under a de novo standard. *State v. Trifari*, 9th Dist. Medina No. 08CA0043-M, 2009-Ohio-667, ¶ 12. Ohio's Uniform Enforcement of Foreign Judgments Act, R.C. 2329.021 through 2329.027, sets forth this state's obligations under the Full Faith and Credit Clause of the United States Constitution. "The doctrine of full faith and credit requires that the state of Ohio give to these acts, records, and judicial proceedings of another state the same faith and credit 'as they have by law or usage in the courts of such State * * * from which they are taken.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999). A foreign judgment is subject to collateral attack in Ohio only if there was no subject matter or personal jurisdiction to render the judgment under the law of the foreign state. *Litsinger Sign Co. v. American Sign Co.*, 11 Ohio St.2d 1 (1967), paragraph one of the syllabus. The Ohio Second District Court of Appeals has further addressed the doctrine of full faith and credit as it applies to foreign judgments:

> When applied to judicial determinations, the full faith and credit clause means that a valid judgment issued in one state must be recognized -- without examining the underlying merits of the action -- by all other states. In *Fauntleroy v. Lum* (1908), 210 U.S. 230, 52 L. Ed. 1039, 28 S. Ct. 641, the United States Supreme Court held that as long as the first court had proper jurisdiction, the second court *must recognize* the judgment even if the first court misapplied the law or even made a clearly erroneous decision. See, also, S.23: *Ohio Enacts an Enforcement of Foreign Judgments Law* (1983), 9 Univ. of Dayton L.R. 391.
>
> Thus, full faith and credit means that Ohio courts must *recognize* the judgments of the courts of other states and enforce those judgments even if clearly erroneous on the merits or even where the law of Ohio would produce a different outcome.

(Emphasis sic.) *DLM Joint Venture v. Mershon's World of Cars*, 2d Dist. Clark No. 94-CA-95, 1995 Ohio App. LEXIS 14, *3-4.

{¶5} In the case before us for review, both the judgment from the trial court below and the judgment from the Second Judicial District Court of Nevada use the same language, in pertinent part:

> [Emergency Physicians] shall pay to [Summa] one-half of [Summa's]equity balance, $230,000.00 in ten equal installments of $23,000 per year in 2013 and each year thereafter until final payment is made on or before December 31, 2022. No interest shall accrue on the amount of an installment until it is due.

The garnishment order provides:

> The total probable amount now due on this judgment is $102,150.00.
> (The total probable amount due includes the unpaid portion of the judgment in favor of the Judgment Creditor, which is $92,000, interest on that judgment and, if applicable, prejudgment interest at the rate of 5.25% per annum payable until that judgment is satisfied in full; and court costs in the amount of $500.00.)

The language of the garnishment order therefore indicates that the amount due consists of (1) $92,000.00 of the unpaid judgment; (2) interest, and potentially prejudgment interest in the amount of $9,650.00; and (3) $500.00 in court costs. The record before this Court provides us with no indication of how the trial court arrived at any of these amounts as contained in its order of garnishment.

{¶6}    Emergency Physicians does not argue that the rate of interest applied by the trial court is incorrect, or that the amount of the unpaid portion of the judgment is inaccurate; rather, their argument concerns the date upon which interest begins to accrue. Emergency Physicians contends that payment on any of the installments did not become due until the date of the confirmation of the arbitration award—March 22, 2017, and not upon any earlier dates referenced in the judgment.

{¶7}    Although there may be merit to Emergency Physicians' argument that it should not have been required to make payment upon the arbitration award until the date it was affirmed by the judgment of the Nevada court, it is the role of neither this Court nor the trial court below to examine the merits of the judgment. The judgment from the Second Judicial District Court of the State of Nevada provides that no interest shall accrue on the amount of an installment until it is due. The language of the judgment further indicates that each installment of $23,000.00 is due by December 31 of each year, for ten years, beginning in 2013 and ending in 2022. As the trial court must give full faith and credit to the judgment, it did not have discretion to modify the judgment. We stress again, neither this Court nor the trial court is positioned to question the wisdom or the merits of the judgment.

{¶8}    We further note that the record before us contains no indication as to how the trial court arrived at the amounts specified in the order of garnishment. Although Emergency Physicians provides us with a theory of the calculation used by the trial court, there is nothing in the record to compare or verify. It is well-settled that an appellant has the responsibility of providing this Court with a record of facts, testimony, and evidentiary matters necessary to support an assignment of error. *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314 (9th Dist.1989). Specifically, it is an appellant's duty to transmit the transcript of proceedings.

App.R. 10(A); Loc.R. 5(A). When portions of the transcript which are necessary to resolve an assignment of error are not included in the record on appeal, the reviewing court has "no choice but to presume the validity of the [trial] court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a record on this issue for our review, this Court is unable to determine whether the trial court erred, and we must presume validity.

{¶9} Emergency Physicians' assignment of error is overruled.

III.

{¶10} Emergency Physicians' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL J. MORAN and AARON A. RIDENBAUGH, Attorneys at Law, for Appellant.

JASON M. WEIGAND, Attorney at Law, for Appellee.