[Cite as *In re Estate of Irvine*, 2019-Ohio-772.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: THE ESTATE OF
EDWARD IRVINE

C.A. No. 28901

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. 2016 ES 00793

DECISION AND JOURNAL ENTRY

Dated: March 6, 2019

SCHAFER, Presiding Judge.

{¶1} Appellant, Darnell Irvine ("Darnell"), appeals from an order of the Summit County Court of Common Pleas, Probate Division removing him as executor of the estate of his late grandfather, Edward Irvine. Magistrate Paul (sic) Haas, Summit County Probate Court filed a brief as Appellee. However, because Magistrate Haas is not a party to these proceedings, we hereby strike the brief of Appellee. For the reasons that follow, we affirm the judgment removing Darnell as executor.

I.

{¶2} Darnell was appointed executor of the decedent's will, which divided the estate equally between decedent's grandson, Darnell, and Darnell's three minor children, the great-grandchildren of decedent. On April 14, 2017, Darnell submitted a partial accounting to the court, and the magistrate issued an order taking exception to this partial accounting. The matter was set for an evidentiary hearing before the magistrate on the court's exception to the partial

accounting and for Darnell to show cause as to why he should not be removed as executor. Darnell appeared, pro se, for the May 23, 2017 hearing.

{¶3}    Following the hearing, the magistrate issued her decision on September 7, 2017. The magistrate found that Darnell, as executor, made multiple attempts to thwart the terms of the will by seeking to have the minor children's shares distributed directly to him and that he "treated the estate bank account as his personal bank account making withdrawals and purchases in the total amount of $54,521.49 that were clearly not for the management or benefit of the estate." The magistrate found that the $54,521.49 in withdrawals and purchases would be treated as a partial distribution of Darnell's share of the estate. The magistrate concluded, pursuant to R.C. 2109.24, because of Darnell's neglect of his duty and continued efforts to thwart the terms of the will, and it being in the best interest of the estate, Darnell should be removed as executor of the estate.

{¶4}    On September 20, 2017, Darnell filed an objection to the magistrate's decision. The probate court issued its order on December 8, 2017, overruling Darnell's objection, adopting the magistrate's decision, and finding that Darnell's removal was in the best interest of the estate because he neglected his duties as executor and his removal would expedite the administration process. The probate court ordered the removal of Darnell as executor of the estate. The order also stated that the probate court denies all fiduciary fees for Darnell, and that withdrawals and purchases totaling $54,521.49 will be treated as a partial distribution of Darnell's share of the estate. The probate court ordered that the administration of the estate would be committed to a proficient attorney.

{¶5}    Darnell appealed from the probate court's order asserting five assignments of error. For ease of discussion, we consider all of the assignments of error together.

II.

**Assignment of Error I**

**The trial court erred by not answering the household resource worksheet submitted on January 9, 2017.**

**Assignment of Error II**

**The trial court erred by demanding a due date for partial accounting through a lawyer that was no longer representing the [estate of] Edward D. Irvine.**

**Assignment of Error III**

**The trial court erred by making the allegation of me neglecting fiduciary duties.**

**Assignment of Error IV**

**The trial court erred by impling (sic) I tried to thwart the [w]ill.**

**Assignment of Error V**

**The trial court erred by charging monies invested into estate property to my share of inheritance.**

{¶6} On appeal, Darnell asserts five assignments of error, none of which clearly supports the relief sought in the conclusion section of his brief where Darnell states, in relevant part: "I pray that the courts have second thoughts of removing my status as fiduciary based off the evidence shown." Insofar as Darnell sought to allege error in the probate court's decision to remove him as executor and deny him fiduciary fees, he has failed to assign relevant error to support such a contention.

{¶7} The probate court has broad discretion in its decision to remove an executor. *In re Estate of Wilkerson*, 9th Dist. Summit No. 22049, 2005-Ohio-159, ¶ 10. An abuse-of-discretion review grants deference to the trial court's judgment. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. This Court will reverse the trial court's judgment to remove an

executor only when it is unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** At the outset, we note that pro se litigants, such as Darnell, "should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. However, this Court has held:

> [A] pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se a]ppellants to the same standard as any represented party.

(Internal citations omitted.) *Id*.

**{¶9}** Although Darnell lists five assignments of error in the "statement of the assignment of errors" section of his brief, he has not referred to the place in the record where each error is reflected, nor has he presented an actual statement of the issues as they relate to the assignments of error. *See* App.R. 16(A)(3),(4). In lieu of a statement of issues, Darnell presents a seemingly irrelevant discussion of proceedings not clearly related to any assignment of error, and poses questions inviting speculation as to why certain actions and proceedings may or may not have taken place in the trial court. The statement of the case briefly discusses the magistrate's decision, but fails to mention the probate court's order from which this appeal was taken. *See* App.R. 16(A)(5).

**{¶10}** Significantly, in his brief, Darnell seems to disregard the distinction and purpose of both his statement of facts and his argument. In doing so, he fails to relate facts to the assignments of error or identify facts in the record. *See* App.R. 16(A)(6). To the extent that he has presented an argument, it does not contain his contentions "with respect to each assignment

of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which [he] relies" as is required by App.R. 16(A)(7).

{¶11} In light of the foregoing, we conclude that Darnell's brief fails to comply with App.R. 16(A) on multiple grounds. None of the five stated assignments of error is identified in the record, nor are they argued separately in the brief. Darnell has not identified any facts in the record, cited to relevant legal authority, or articulated any argument to support the assigned errors or to demonstrate that the trial court abused its discretion in removing him as executor. This Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). It is not the function of this Court to construct a foundation for Darnell's alleged error, or to search for authority to support his argument. *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). If an argument exists that can support these assigned errors, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8. Therefore, we disregard each of the five stated assignments of error. *Id.* citing App.R. 12(A)(2) and 16(A)(7).

### III.

{¶12} Appellant's five assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

6

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} Although I would affirm the trial court's decision, I would do so on the basis that Darnell waived his right to raise these issues on appeal pursuant to Civ.R. 53(D)(3)(b)(iv) and that the trial court did not abuse its discretion.

APPEARANCES:

DARNELL IRVINE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Appellee.